**UNITED STATES CASUALTY COMPANY, Plaintiff,**

v.

**Jordan REESE, Jr., Industrial Contractor, Inc., et al., Defendants.**

**Civ. A. No. 4482.**

United States District Court
E. D. Texas,
Beaumont Division.

March 26, 1964.

John D. Rienstra, Beaumont, Tex., for plaintiff United States Cas. Co.

John H. Benckenstein, Beaumont, Tex., for defendants Jordan Reese, Jr., Indus-

trial Contractor, Inc., a corporation, and Jordan Reese, Jr., an individual.

Charles S. Pipkin and William G. Fox, Beaumont, Tex., for defendant Combustion Engineering, Inc.

Andrews, Kurth, Campbell & Jones, by Alfred H. Ebert, Jr., Houston, Tex., for defendant H. A. Simons, Ltd.

FISHER, District Judge.

The above entitled and numbered civil action was commenced by United States Casualty Company, as plaintiff, and is against Jordan Reese, Jr., Industrial Contractor, Inc., a corporation, Jordan Reese, Jr., an individual; Combustion Engineering, Inc., East Texas Pulp & Paper Company, a corporation; H. A. Simons, Ltd., a corporation; American Bridge, a division of United States Steel Corporation; United States Steel Corporation; Mary Leva McNabb, a feme sole; Samuel Paul McNabb, a minor; Ford McNabb and wife Virginia McNabb; Lillie M. DeLoach, a feme sole; Edward DeLoach, a minor; Betty Gail DeLoach, a minor; Brenda Ann DeLoach, a minor; Evelyn Joyce Allen, a feme sole; Jonathan Curtis Allen, a minor; Paul Neil Allen, a minor; Laura Ann Allen, a minor; Athan Curtis Allen and wife Evelyn Allen; Jo Ann Simmons, a feme sole; Billy Joe Simmons, Jr., a minor; Inez Beard, a feme sole; Judy Ann Beard, a minor; Jerry Cleveland Beard, a minor; Margaret Inez Beard, a minor; John Michael Beard, a minor; Violet Wilkerson, a feme sole, Bobby Wayne Wilkerson, a minor; Patsy Sue Wilkerson, a minor, Peggy Sue Wilkerson, a minor; J. B. Beck; Mrs. J. B. Beck; J. M. Huddleston; Carl Bonner and Clayton C. Barrow; as defendants for a declaratory judgment. The case came regularly on for trial before the undersigned Judge of this Court, without a jury on March 25, 1963.

The Court having read the pleadings, the exhibits, heard the evidence and considered the arguments and briefs of counsel, entered its Memorandum Decision herein on March 5, 1964; and pursuant to such Memorandum Decision, makes the following Findings of Fact, Conclusions of Law and Order for Decree herein:

FINDINGS OF FACT

1. Plaintiff, United States Casualty Company, is a corporation, duly incorporated under the laws of the State of New York, having its principal place of business in the State of New York, and having a permit to do business in Texas.

2. Defendant, Jordan Reese, Jr., Industrial Contractor, Inc., is a corporation organized under the laws of Texas with its principal place of business at Beaumont, Texas.

3. Defendant Jordan Reese, Jr., an individual, is a resident citizen of the State of Texas and resides at Beaumont.

4. Defendant Combustion Engineering, Inc. is a corporation, incorporated under, and having its principal place of business in, the State of Delaware.

5. Defendant East Texas Pulp & Paper Company is a corporation organized under the laws of the State of Texas, with its principal place of business in Jasper County, Texas.

6. Defendant H. A. Simons, Ltd., is organized under the laws of Canada and a citizen thereof.

7. Defendant American Bridge, a division of the United States Steel Corporation, which corporation is incorporated under the laws of the State of Pennsylvania.

8. Each and all of the other defendants are individuals, citizens of the State of Texas and residents of Jasper County, Texas.

9. On or about January 2, 1958, East Texas Pulp & Paper Company made and entered into a written construction contract with Jordan Reese, Jr., whereby Jordan Reese, Jr. undertook to excavate, make footings and backfill; install septic tank and sanitary sewer, 18″ outflow sewer and two manholes, floor slab shown on drawing D76–551–045 marked "Slab in this area to be poured first to facilitate tank installation", balance of floor slab

not included; and concrete, anchor bolts and reinforcing also excluded.

10. On or about July 1, 1958, East Texas Pulp & Paper Company made and entered into a written construction contract with Jordan Reese, Jr., Industrial Contractor, Inc., called "No. 2 Recovery Piping Contract", whereby Jordan Reese, Jr., Industrial Contractor, Inc., agreed to furnish all supervision, labor, materials, supplies, construction tools and equipment and all other facilities and services (except as otherwise expressly provided in said contract) which are necessary to complete the mill of East Texas Pulp & Paper Company at Evadale, Texas: supply and erection of boiler piping except the supply of valves which are to be furnished by East Texas Pulp & Paper Company; insulation of piping and duct work except as covered by the contract with Combustion Engineering, Inc., supply and installation of instrumentation except the panels and instruments which are to be supplied by East Texas Pulp & Paper Company; and the installation, including the grouting of pumps and miscellaneous mechanical equipment.

11. Jordan Reese, Jr., duly performed the work specified in the contract of January 2, 1958, described in paragraph 9 above, and within the time specified.

12. Jordan Reese, Jr., Industrial Contractor, Inc. duly performed the work and construction provided for in said contract mentioned in paragraph 10 above, and within the time specified (on or before October 30, 1958).

13. Plaintiff United States Casualty Company, through its agent, Mayer Insurance Agency, issued to Jordan Reese, Jr., Industrial Contractor, Inc., comprehensive general liability insurance policy No. CGL 812678 covering the period from May 13, 1958 to May 13, 1959, with limits of $100,000 each person and $300,000 each accident and property damage $50,000–$100,000.

14. Plaintiff United States Casualty Company, through its agent, Mayer Insurance Agency, issued to Jordan Reese, Jr., Industrial Contractor, Inc., compre-

hensive general liability insurance policy No. CGL 815552, covering the policy period from May 13, 1959 to May 13, 1960, with limits of $100,000 each person and $300,000 each accident and property damage $100,000.

15. On or about September 14, 1959 the recovery boiler of the East Texas Pulp & Paper Company at Evadale, in Jasper County, Texas, exploded and a number of persons were injured and killed, and the law suits hereinafter mentioned were filed to recover damages for both personal injuries and death resulting therefrom.

16. Said explosion of September 14, 1959 received immediate national publicity by newspapers, television and radio reports.

17. C. Villiva, at all material times mentioned herein represented the plaintiff United States Casualty Company in the area, doing service and investigative work and as a representative of the plaintiff, he had actual knowledge of said explosion, on September 14, 1959 through the various news media.

18. Immediately after the explosion Jordan Reese, Jr., the president of Jordan Reese, Jr., Industrial Contractor, Inc. made an investigation of the work that it had performed under the contracts described in paragraphs 9 and 10 and the piping which it had installed close to the first valve of the boiler that had exploded was still intact, the pipes were bent, but there were no failures.

19. No person or persons made any claims of any kind against Jordan Reese, Jr., and/or Jordan Reese, Jr., Industrial Contractor, Inc. for damages or injuries growing out of such explosion until service of citation was made on them January 25, 1961 in the case of Mary Leva McNabb, a widow, et al, filed against Combustion Engineering, Inc., et al, in the District Court of Jasper County, Texas (No. 6664) on January 12, 1961.

20. Upon being served with citation in No. 6664, Mary Leva McNabb et al v. Combustion Engineering, et al, District Court of Jasper County, Texas on Janu-

ary 25, 1961, Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc. caused the citation and copy of petition to be delivered to Mayer Insurance Agency, the agent of United States Casualty Company, and the agent who issued the comprehensive liability insurance policies described above in paragraphs 13 and 14, to defend; and the Mayer Insurance Agency, delivered the same to the said C. Villiva on January 31, 1963, and this was the usual practice.

21. In February 1961 the said C. Villiva, as agent for the United States Casualty Company, presented to Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., a written reservation of rights, and they refused to sign the same, and on February 6, 1961 demanded that United States Casualty Company perform its contractual duties under said comprehensive liability insurance policies.

22. The attorney for United States Casualty Company, Mr. John D. Rienstra acknowledged the letter from Jordan Reese, Jr., Industrial Contractor, Inc., dated February 6, 1961, and advised it in writing on February 17, 1961 that the United States Casualty Company, was going to defend the case of Mary Leva McNabb, et al v. Combustion Engineering Inc. et al, No. 6664 on the docket of the District Court of Jasper County, Texas reserving all of its rights under policy No. CGL 812678 covering the period of May 13, 1958 to May 13, 1959.

23. The United States Casualty Company caused its said attorney to undertake the defense and file pleas of privilege and subject thereto, general answers, on behalf of Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., in No. 6664, Mary Leva McNabb et al v. Combustion Engineering Inc., et al, District Court of Jasper County, Texas.

24. After February 17, 1961 the attorney of the United States Casualty Company, Mr. John Rienstra, appeared as attorney of record for Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc., in the said Mary Leva McNabb et al suit.

25. The said attorney for United States Casualty Company, Mr. John Rienstra requested Jordan Reese, Jr., to make arrangements with the East Texas Pulp & Paper Company to examine the explosion site and investigate the accident. Jordan Reese, Jr. secured such permission, and on the 13th day of June 1961 Mr. John Rienstra did visit the site of the explosion, inspect the boiler, and interrogate some of the officials of the East Texas Pulp & Paper Company at Evadale, Texas in relation to the claims of Mary Leva McNabb et al.

26. The said Mr. John M. Rienstra, as attorney for the United States Casualty Company, continued to represent the said Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc., in said cause No. 6664, Mary Leva McNabb et al v. Combustion Engineering, et al, District Court of Jasper County, Texas from the time he filed said pleadings up to and including September 1, 1961, doing whatever was necessary and proper to protect their interests as defendants in such law suit.

27. On or about September 1, 1961, the said Mr. John D. Rienstra advised John H. Benckenstein, the personal attorney of Jordan Reese, Jr., that the United States Casualty Company would not further defend Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc., in said cause No. 6664, Mary Leva McNabb et al v. Combustion Engineering, Inc., et al, District Court of Jasper County, Texas; and on said date he filed a motion in said suit to withdraw as counsel for Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., and on September 14, 1961 the District Court of Jasper County entered an order, permitting the said John D. Rienstra to withdraw as attorney for said parties.

28. As soon as Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc., was served as defendants, with citation and copy of petition, in each and all

of the following cases, they would deliver the same to the said John D. Rienstra, with a demand that he defend them, and he would return the citations and copies of petition, stating that the United States Casualty Company would not defend said cases for them, to-wit:

A. In the District Court of Jasper County, Texas:

No. 6744, Jo Ann Simmons, et al v. Combustion Engineering, Inc., et al;

No. 6745, Inez Beard, et al v. Combustion Engineering, Inc., et al;

No. 6746, Violet Wilkerson, et al v. Combustion Engineering, Inc., et al;

No. 6760, J. B. Beck, et ux v. Combustion Engineering Inc., et al;

No. 6761, J. M. Huddleston v. Combustion Engineering, Inc., et al;

No. 6762, Carl Bonner v. Combustion Engineering, Inc., et al;

No. 6803, Clayton C. Barrow v. Combustion Engineering, Inc., et al;

B. In the District Court of the United States:

No. 4404 Jim Moore, Jr. v. Combustion Engineering, Inc., et al;

No. 4414 Clayton C. Barrow v. Combustion Engineering, Inc., et al;

29. After the United States Casualty Company refused to defend any and all of said cases above mentioned, the said Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., employed John H. Benckenstein to defend said suits and he undertook the defense of the same.

30. Each and all of the said cases for death by wrongful act were consolidated for trial and then dismissed against Jordan Reese, Jr., Jordan Reese, Jr., Industrial Contractor, Inc., and the other defendants therein maintained their cross-actions against Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc.

31. This Court dismissed Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc. from civil action No. 4404, Jim Moore v. Combustion Engineering, Inc., et al

32. The personal injury cases of Carl Bonner (No. 6762) and Clayton C. Barrow (No. 6803) were consolidated for trial and then dismissed against Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc.; and the other defendants maintained their cross-actions against Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc.

33. The cross-actions above mentioned are still pending, and John H. Benckenstein is defending each and all of them for Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc.

34. The comprehensive liability insurance policy No. CGL 815552 issued by the United States Casualty Insurance Company to Jordan Reese, Jr., Industrial Contractor, Inc., and covering the period from May 13, 1959 to May 13, 1960 was in full force and effect on the date (September 14, 1959) of the explosion at the East Texas Pulp & Paper Company at Evadale, Texas.

35. The plaintiffs in the above described cases filed in the District Court of Jasper County, Texas and this Court, alleged that the respective deaths and personal injuries were proximately caused by the negligence of Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., and the other defendants therein named.

36. The business of Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc. was contracting and construction work; their business was described on the face of each of said policies, Nos. CGL 812678 and CGL 815552; and the United States Casualty Company had knowledge of the said business that they were engaged in, and the risks covered.

CONCLUSIONS OF LAW

It is therefore adjudged that:

1. The test of the liability of the United States Casualty Company to defend the above entitled and numbered causes and cross-actions for Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., is the allegations made in such pleadings.

2. The respective petitions of the plaintiffs and the cross-actions of the defendants alleged causes of action and cross-actions against Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc. in the following suits covered by the comprehensive liability insurance policies involved in this civil action, to-wit:

In The District Court of Jasper County, Texas:

No. 6664, Mary Leva McNabb, et al v. Combustion Engineering, Inc., et al;

No. 6744, Jo Ann Simmons, et al v. Combustion Engineering, Inc., et al;

No. 6745, Inez Beard, et al v. Combustion Engineering, Inc, et al;

No. 6746, Violet Wilkerson, et al v. Combustion Engineering, Inc., et al;

No. 6760, J. B. Beck, et ux v. Combustion Engineering Inc., et al;

No. 6761, J. M. Huddleston v. Combustion Engineering, Inc., et al;

No. 6762, Carl Bonner v. Combustion Engineering, Inc., et al;

No. 6803, Clayton C. Barrow v. Combustion Engineering, Inc., et al;

In the District Court of the United States:

No. 4404 Jim Moore, Jr. v. Combustion Engineering, Inc., et al;

No. 4414 Clayton C. Barrow v. Combustion Engineering, Inc., et al

3. The comprehensive liability insurance policies involved in this civil action cover all liability for accidents arising from the operations of said insureds as construction contractors, regardless of whether the accident occurred before or after the completion of the job.

4. The insureds in the policies involved in this civil action acquainted themselves with all the facts surrounding the explosion of the boiler at the East Texas Pulp & Paper Company plant at Evadale, Texas, and it appeared from his investigation that the occurrence was of such a nature that it could not reasonably be expected to result in any claim or disability; they believed that they were not liable for the same; and there was no duty upon said insureds to report the accident until a claim was made.

5. The United States Casualty Company is estopped to deny its liability under the comprehensive liability insurance policies in suit to Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., to defend the above entitled suits for them and to satisfy any judgment that might be rendered against them up to $300,000.

6. The United States Casualty Company waived any defenses it might have had that the claimed liabilities alleged in the actions and cross-actions in the above entitled and numbered suits, are not within the terms of the comprehensive liability insurance policies in suit.

7. The plaintiff is not entitled to a declaratory judgment as prayed for.

8. Said policies afford coverage to Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc., in the above entitled and numbered cases, and plaintiff United States Casualty Company is liable under its said policies for the investigation and defense of the cross-actions of the other defendants in this civil action and cross-plaintiffs in said above entitled and numbered causes and for the payment of any judgment which may be recovered by said defendants and cross-plaintiffs against Jordan Reese, Jr., and Jordan Reese, Jr., Industrial Contractor, Inc., up to and including $300,000 and costs; and

9. It is the obligation of the plaintiff herein to reimburse Jordan Reese, Jr. and Jordan Reese, Jr., Industrial Contractor, Inc., for any and all costs, expenses and attorney fees incurred by them in the investigation and defense of said suits.

Let judgment of this Court be entered accordingly.